UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

Reny Rivero individually and
on behalf of all others similarly situated
                        Plaintiff,

v.

Providian National Bank,
John Doe (to be named later),
FORSTER & GARBUS LLP,
Michael J. Florio,

                        Defendants.
-------------------------------------------------X

CV 13-4023



SUMMONS ISSUED

VITALIANO, J.

BLOOM, M.J.

COMPLAINT

JURY DEMAND

Class Action Complaint for Violations of the Fair Debt Collection Practices Act and Local Law 15 Act.

### Introduction

1. Plaintiff Reny Rivero ("Plaintiff" or "Rivero"") files this Complaint seeking redress for the illegal practices of Defendants, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq. Aand Local Law 15 Act.*

### Parties

2. Plaintiff Reny Rivero is a citizen of New York State who resides within this district.

3. Plaintiff is a (debt) "consumer" as that term is defined by FDCPA § 1692a(3): A. "Consumer": any natural person obligated or allegedly obligated to pay a debt.

4. Plaintiff is a (debt) "consumer" as that term is defined by NYC LOCAL LAW 15 § 20-489(c) as "The term (debt) "consumer" means any natural person obligated or allegedly obligated to pay

any debt."

5. The alleged debt of Plaintiff is a consumer "debt" as defined by 15 USC 1692a(5). "in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for a credit card used for the purchase of household and personal products, no part of which was incurred for business related items or services of any nature."

6. The alleged debt of Plaintiff is a consumer "debt" as defined by NYC LOCAL LAW 15 § 20-489(d):

" The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, or any obligation or alleged obligation arising out of a judgment or valid agreement for the payment of child support."

7. Defendant FORSTER & GARBUS is a limited liability company which is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

8. Defendant MICHAEL J. FLORIO is an associate attorney with the law firm of Forster and Garbus who is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

9. Also, Mr. Florio, the defendant, is a debt collector at many times was engaged, by the use of legal representation in court, in the business of attempting to collect a "consumer debt" from Plaintiff as defined by 15 U.S.C. §1692a(3)(5).

10. Upon information and belief Defendant, John Doe ("Defendant") is an at attorney who at all relevant times was engaged, by use of the legal representation in court , in the business of attempting to collect a "debt" from "Plaintiff" as

defined y 15 U.S.C. §1692a(3)(5).

11. Defendant, John Doe has represent over 1,000.00 law cases at Richmond county Court observed by the Plaintiff as he has waited for his cases as a State Pro-Se Defendant to be called upon the Court.

12. All the three defendants mentioned above, Forster & Garbus, Miichael Florio, and John Doe are debt collectors as defined by:

" Debt Collectors": any person who uses any instrumentality of interstate commerce (phone, mail, email) in any business, the principal purpose of which is collection of the debts of another. 15 U.S.C. § 1692a(6)."

13. All the three defendants mentioned above, Forster & Garbus, Miichael Florio, and John Doe are debt collection agency as defined by:

14. " § 20-489(a) Definitions. a. "Debt collection agency" shall mean a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another.".

15. The defendant, Providian National Bank had been engaged in the business of buying consumer debt in this state. The defendant "Forster & Garbus" defined Providian National Bank as a debt collection agency on the "VERIFIED COMPLAINT

16. "Effective January 30, 1998, PROVIDIAN NATIONAL BANK acquired the account which is the subject matter of this action from first UNION DIRECT, N.A." See Exhibit.

17. The defendant, Providian National Bank , seems not to have a NYC Department of Consumer affairs Debt Collection Agency License as required by Local Law 15§ 20-490.

18. Its principal place of business located at: Business entity not longer exist. As indicated by Honorable State Judge Straniere on July 18th, 2012 and on November, 14th 2012 as it was legally represented twice by Forster & Garbus "were forced to represented an client without POWER OF ATTORNEY, LETTER OF AUTHORIZATION, AN AGENCY RELATION.".

19.. The defendant, Providian National Bank is a Debt Collection Agency defined by Local Law 15§ 20-489(a).

## Jurisdiction and Venue

20. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

21. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

22. Venue is proper in this district under 28 U.S.C. §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

23. Venue is also proper in this district since Defendant transacts business in this district.

## Factual Allegations

24. All the defendants intentionally introduced with knowledge or should have known falsify documents, false, misrepresentation, with intention of deception evidence that at the best were only speculation without any legal base.

25. These illegal action has cost the Plaintiff a still accumulative total, physical, real lost of over $26853 from an unjust default judgment gotten by the all defendants.

26. The original illegal judgment was entered on March 8th, 1999 with a claim judgment amount of $7,273.00 with a 9% annual rate.

27. Every months, The Plaintiff, Reny Rivero, has an accumulative real physical loss of $54.55 which the defendants is trying to collect without a state Plaintiff, Providian National Bank, who is not longer in business.

28. The Plaintiff has not legal nor financial obligation with any of the defendants.

29. The Plaintiff has never been properly served not he has received any court papers.

30. The Plaintiff has never signed an agreement nor a contract with any or/and all the defendants.

31. The defendants has never introduced an signed agreement, signed contract, any monthly credit card statement, any credit card account number, any purchase agreement, any assignment, nor any other evidentiary document proving the alleged consumer debt ever existed.

32. The defendants file a complaint at Richmond County Civil Court on 01-25-99.

33. The defendants introduce a Summons, a verified complaint and an Affidavit of Service. See exhibits A.

34. The Affidavit of Services is not been signed properly or legally by the Notary Public, Ms. Frances T. Mondrone, license # 4865596. See exhibit B.

35. The Affidavit of Services is illegal B.

36. On the Verified Complaint, the defendants in their state of mind or on their own mind create the following without ever shown any evidence.

37. The original creditor "FIRST UNION DIRECT, N.A.." SOLD OR/AND ASSIGNED this alleged debt consumer credit card account on January, 30, 1998 to a DEBT COLLECTOR OR/AND DEBT COLLECTION AGENCY, PROVIDIAN NATIONAL BANK, WHO BUYS DEFAULT COMSUMER DEBT.

38. On March 8th, 1999, the judgment was enter. See Exhibit C.

39. ON about June 2011, The Plaintiff received a call from India.

40. He claim to represent Forest and Garbige. Ask if he meant Forster & Garbus and if there is any debt related to this call, I am demanding validation.

41. We did not continue talking from this point and he cut the phone call.

42. At the time, I had been dealing with Forster & Garbus and decide to sent a letter and a fax.

43. Forster & Garbus answer me by fax and letter that they had not record whatsoever of Reny Rivero as a debtor in their system.

44. Also, they stated that I had contact the wrong debt collection agency. See exhibit D

45. On about June of 2012, I received another call from India. This he claim that they represent Forest & Garbige and they are trying to collect on Judgment against the Plaintiff.

46. First time that the Plaintiff heard about a judgment. The Plaintiff demanded validation and also from where they were calling since my phone ID register a Jersey phone call and sound from overseas. The caller cut the phone call.

47. I believe this was an Identity thieve and went to the Richmond County Civil Court.

48. I explained and show to the Officer of The Clerk representative the letters and faxes from Forster & Garbus stating that there are not records nor documents shown any debt from the Plaintiff.

49. Also, I mentioned the call India calls from overseas. The first one mentioned a debt. The second one mentioned a Judgment.

50. The Clerk Office found that I had a Judgment from Providian represented by Forster & Garbus.

51. The Plaintiff prepared the Order to Show Cause to Vacate a Judgment including The Affidavit of Identity Thieve.

52. Forster & Garbus sent me an Affirmation in Opposition dated 07-16-2012 and received by the Plaintiff on 07-17-12, See exhibit E.

53. This is the first communication The plaintiff has ever received from all the defendants.

54. At the Trial on 07-18-12, the defendant, John Doe, represented another defendant,

Providian National Bank.

55. The defendant, John Doe, knew or should have know that Providian National Bank did not have the required NYC DCA Debt Collection Agency License as defined by Local Law 15§ 20-490.

56. The defendant, John Doe, knew or should have know that he did not have power of attorney, letter of authorization nor any legal standing to represent a business entity that has cease to exist.

57. On July 20th, 2012, five days after the first contact with debtor, the debt collector and the collection must send a validation notice to the debtor.

58. On the fifth day after the first communication on 07-20-2012, the defendant has not provided with the notice of validation, nor Amount of the debt, nor Name of the creditor owed, nor Right to dispute validity within 30 days, nor Name and address of the original creditor, nor If disputed by consumer within 30 days, collector will provide verification of the debt.

59. "(iii) a statement that unless the consumer, within thirty days after receipt of the notice, isputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period at the address designated by the debt collector in the notice that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
(v) a statement that, upon the consumer's written request within the thirty-day period sent to the address designated by the debt collector in the notice, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and
(vi) an address to which the consumer should send any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor."

60. Plaintiff prepare a notice of dispute on 08-14-13 and defendant Forster & Garbus received on 08-15-13. See exhibit F.

61. On about 11-13-13, Forster & Garbus sent me a Affirmation in Opposition to my

reargument motion hearing on 11-14-13.

62. On 11-14-13, the defendants, Forster & Garbus and Mr. Florio, knew or should have known that the debt collection agency, Providian, has not NYC DCA required license as defined as Local Law 15§ 490.

63. They also knew that Providian Bank as business entity did not exist.

65. They have not answer the Notice of Dispute. See exhibit F

66. They also knew that they did not have power of attorney, letter of authorization.

67. These defendants have not answer to as fiduciary duty any fund collected on the name on not exiting State Plaintiff, PROVIDIAN NATIONAL BANK who will keep and distribuite them.

68. This Affidavit of Service signed by the Notary Public, Frances T. Mondrone #4835596.

67. Also the Process Server, Mr. Osmond Tingling signed the same date.

68. This Affidavit of Services belong to Plaintiff's case HSBC V. Reny RIvero.

69, When both Affidavit of Services are signed by Ms. Mondrone and Mr. Tingling, there are problems with their signature because they seems to be falsified. See exhibit g.

70. Today 07-15-13, Forster & Garbus has not answer my notice of dispute..

## Class Action Allegations

71. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a. Based on the fact that collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates

the FDCPA.

c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (i.e. the class members), which is a matter capable of ministerial determination from the Defendants' records.

d. Plaintiff will fairly and adequately represent the class members' interests.

All claims are based on the same facts and legal theories and Plaintiffs interests are consistent with the interests of the class.

e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

72. A class action is superior for the fair and efficient adjudication of the class members' claims. A class action is superior for the fair and efficient adjudication of the class members' claims.

48. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k.

73. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

74. Prosecution of separate actions by individual members of the classes would create the risk of nconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

75. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

76. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendants' records: (a) have mailing addresses within New York State; and (b)

within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A and/or Exhibit B (d) which was not returned by the postal service as undelivered.

77. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Count I
### Violation of the Local Law 15

**VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices** (f) *Validation of debts.* **BY DEFENDANTS MENTIONED ABOVE.**

78. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

79. (f) *Validation of debts.* (2)(i, ii, iii, iv, v, vi)(3)(4)(5)

(2) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector who is not a creditor and not employed by a creditor shall, unless the following information is contained in an initial written communication, or the consumer has paid the debt, send the consumer a written notice containing:
(i) the amount of the debt;
(ii) the name of the creditor to whom the debt is owed;
(iii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period at the address designated by the debt collector in the notice that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
(v) a statement that, upon the consumer's written request within the thirty-day period sent to the address designated by the debt collector in the notice, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and
(vi) an address to which the consumer should send any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and

address of the original creditor.
(3) If, pursuant to §§5-77(f)(1) or 5-77(f)(2) of this Regulation the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall not attempt to collect the amount in dispute until the debt collector obtains and mails to the consumer verification of the debt or a copy of the judgment or the name and address of the original creditor.
The debt collector shall maintain for one year from the date the notice was mailed, records containing documentation of the date such notice was mailed, the date the response, if any, was received and any action taken following such response.
(4) The failure of a consumer to dispute the validity of a debt under §5-77(f) shall not be construed by any court as an admission of liability by the consumer.

### COUNT II
**VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices** (g) *Liability.* **BY DEFENDANTS MENTIONED**
80. Plaintiff alleges and incorporates the information in paragraphs 1 through 79.

81. § 20-494 Penalties. a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation.
b. In addition to any other penalties, if a person is found to have


committed repeated, multiple or persistent violations of any provision of this subchapter, such person may be responsible for the cost of the department's investigation.

### COUNT III
**VIOLATIONS OF LOCAL LAW 15 §5-77 Unconscionable and Deceptive Trade Practices** ((e) *Unfair practices.* A debt collector may not use any unfair or unconscionable means to collect or attempt to collect a debt. Such conduct includes:
**BY DEFENDANTS MENTIONED ABOVE.**

82. Plaintiff alleges and incorporates the information in paragraphs 1 through 81.


83. (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

## COUNT IV

**The defendant PROVIDIAN NATIONAL BANK is not a licensed as required per NEW YORK CITY ADMINISTRATIVE CODE TITLE 20: CONSUMER AFFAIRS CHAPTER 2: LICENSES SUBCHAPTER 30: DEBT COLLECTION AGENCIES: LOCAL LAW 15 § 20-490.**

84. Plaintiff alleges and incorporates the information in paragraphs 1 through 83.

85. "Debt collection agency" shall mean a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts (as per § 20-489(d)) owed or due or asserted to be owed or due to another.

## COUNT V

### Violations of local law 15 BY THE DEFENDANTS MENTIONED ABOVE

86. Plaintiff alleges and incorporates the information in paragraphs 1 through 85.

87. §5-77(c)(d)(4) the threat to take any action that cannot legally be taken or that is not intended to taken.

88. §5-77(c)(d)(14) after institution of debt collect ion procedures, the false representation of the character, amount or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, except that the employ or of a debt collector may no t be held liable in any action brought under this provision if the employer shows by a preponderance of the evidence that the violation was not intentional and occurred despite the maintenance of procedures reasonably adapted to avoid any such violation

89. §5-77(e)(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANTS ABOVE MENTION.

90. Plaintiff alleges and incorporates the information in paragraphs 1 through 89.

91. Defendants Commercial Collection Corporation of NY violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

92. 15 U.S.C. §1692e(10) states in part;

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT VII
## OTHER VIOLATION OFS FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS ABOVE MENTION.

93. Plaintiff alleges and incorporates the information in paragraphs 1 through 92.

94. § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

95. § 1692 g(a)(1) Must state Amount of Debt.

96. § 1692 g(a)(2) Must state Name of Creditor to Whom Debt Owed .

97. § 1692 g(a)(3) Must state Right to Dispute within 30 Days

98. § 1692 g(a)(4) Must state Right to Have Verification/Judgment Mailed to Consumer.

99. § 1692 g(a)(5) Must state Will Provide Name and Address of original Creditor if Different

from Current Creditor.

100. § 1692 g(B) Collector must cease collection efforts until debt is validated.

**101**   15 USC § 1692e(2)(A) (2) The false representation of  (A) the character, amount, or legal status f any debt.

102. 15 USC § 1692f(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(C) Compensation for the actual and real loss $26,853.00 on the unjust gotten default judgment by the defendants;

(D) Respectfully asking to be given the chance to amend complaint if it is not clear enough   and\or it is not complete enough or\and correct.:

(E) In addition for for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367; and

(F) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: New York

July 15 of 2013

RESPECTFULLY SUBMITTED,

Reny Rivero
131 Silver Lake Road # 406
Staten Island, NY 10301
646-545-7135,  718-815-5712.
Kent0z1@gmail.com